IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH LUMLEY, on behalf of himself and all other similarly situated,<br><br>　　Plaintiff,<br><br>vs.<br><br>PREMIUM VELOCITY AUTO, LLC,<br><br>　　Defendant. | CASE NO. 4:25-cv-2524<br><br>COMPLAINT |

## INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., ("FLSA") brought against Defendant by Plaintiff, individually, and on behalf of all others similarly situated ("the putative collective").

2. Defendant has employed Plaintiff and the putative collective under the job title "General Manager" during the three years preceding the filing of this action.

3. Plaintiff and the putative collective seek damages for unpaid overtime for the three years preceding the filing of this action, up to and including the present and continuing into the future.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this county because Defendant is headquartered, and conducts business, in this District.

## PARTIES

6. Plaintiff is a resident of Des Moines, Polk County, Iowa.

7. Defendant is a Delaware limited liability company with its principal place of business in Houston, Texas.

8. Defendant does business as Jiffy Lube with Jiffy Lube locations throughout the United States, including Texas and Polk County, Iowa.

9. Plaintiff and the putative collective have been employed as General Managers at Defendant's nationwide Jiffy Lube locations.

## FLSA COVERAGE

10. During the employment of Plaintiff and the putative collective, they were engaged in commerce or in the production of goods for commerce.

11. During the employment of Plaintiff and the putative collective, Defendant constituted an employer within the meaning of the FLSA.

12. During the employment of Plaintiff and the putative collective, they were Defendant's employees within the meaning of the FLSA.

13. In each of the past three years, Defendant's annual gross volume of business done exceeded $2,000,000.

14. During the employment of Plaintiff and the putative collective, Defendant was an enterprise that was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its employees engaged in commerce or in the production of goods for commerce, or its employees handling, selling, or otherwise working on goods or materials—such as cell phones, automobile parts, hand tools, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

15. Defendant owns and operates Jiffy Lube franchise locations throughout the United States.

16. Defendant's LinkedIn page states:

> Premium Velocity is the second largest Jiffy Lube franchise with over 360 locations operating in twenty states across the United States. Owned and operated by Jiffy Lube franchisee Premium Velocity Auto, the service center offers a range of automotive preventive maintenance services such as tire rotations, batteries, windshield wiper replacement and the Jiffy Lube Signature Service® Oil Change, which includes changing, inspecting, checking/filling and cleaning essential vehicle components to help keep it running smoothly. Jiffy Lube Signature Service® Oil Change customers also receive complimentary top-offs on motor oil and other vital fluids in between service visits.

https://www.linkedin.com/company/pva-jiffy-lube

17. Plaintiff and the putative collective are or were labeled exempt employees ("General Managers") at Defendant's Jiffy Lube locations throughout the United States.

18. Plaintiff and the putative collective regularly worked more than forty hours per week for Defendant since June 1, 2024.

19. Plaintiff and the putative collective were not paid at a rate equal to at least time and one-half their regular rate of pay for all hours worked over forty per week.

20. On May 14, 2024, Defendant announced a new compensation policy applicable to all General Managers, effective June 1, 2024 (Plaintiff's Exhibit 1).

21. The policy states that "Payroll will be prorating General Manager pay based on days worked. (For example, a General Manager who works 3 days will be paid for 24 hours)."

22. Because of Defendant's June 1, 2024 compensation policy, Plaintiff has received less than his full weekly salary in the time period since the policy's enactment.

23. On December 9, 2024, Plaintiff complained to Defendant's human resources department about deductions from his alleged "salary" made under the June 1, 2024 policy.

24. In a December 9, 2024 email, Defendant's Payroll Department responded through Karen Milton (Plaintiff's Exhibit 2).

25. Defendant's response stated that "As a salaried employee you are paid by the days you work and not the hours you work."

3

26. Defendant's June 1, 2024 compensation policy, and the manner in which Defendant has implemented it, violate 29 C.F.R. § 602's requirements for a "salary" under the FLSA's salary basis test for exempt employees.

24. Because it pays its General Managers based on the days they work, Defendant fails the salary basis and its General Managers are entitled to overtime pay under its June 1, 2024 compensation policy.

25. The claims of Plaintiff and the putative collective are unified through common theories of Defendant's FLSA violations, including, but not limited to, its June 1, 2024 compensation policy and the manner in which it has implemented that policy.

26. Defendant's aforesaid FLSA violations are willful or done with reckless disregard for the FLSA's requirements.

27. As a result of Defendant's aforesaid violations, Plaintiff and the putative collective are owed overtime compensation from June 1, 2024 until such time as Defendant's compensation policy is either eliminated or brought into compliance with 29 C.F.R. § 602.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this putative collective action pursuant to 29 U.S.C. § 216(b) on his behalf and on behalf of a collective consisting of all General Managers employed by Defendant since June 1, 2024 who were paid under Defendant's June 1, 2024 compensation policy.

28. The putative collective is intended to encompass all General Managers at any of Defendant's Jiffy Lube franchise locations anywhere in the United States since June 1, 2024.

29. Plaintiff's consent to join the collective action is attached as Exhibit 3.

30. There are questions of law and/or fact common to the collective that relate to and affect the rights of each member of the collective.

31. The relief sought is common to the entire collective.

4

32. The common questions of law and/or fact predominate over questions, if any, that may affect only individual members of the putative collective because, among other reasons, Defendant has acted on grounds generally applicable to the entire collective.

33. Common questions include, but are not limited to:

   a. Whether the June 1, 2024 compensation policy paid Defendant's General Managers based on the number of days worked.

   b. Whether Defendant's June 1, 2024 compensation policy, and Defendant's implementation of that policy, violate 29 C.F.R. § 602.

   c. Whether Defendant acted in good faith in implementing its June 1, 2024 compensation policy.

   d. Whether Defendant is liable to Plaintiff and the putative collective for liquidated damages.

34. Plaintiff asserts claims that are similar to and typical of the putative collective in that he is a General Manager that Defendant has paid on a daily basis since June 1, 2024.

35. The claims of Plaintiff and the putative collective depend on a showing of conduct by Defendant that is common to all its General Managers and arise from the same operative facts, namely Defendant's June 1, 2024 compensation policy.

36. Thus, a joint and common interest exists among Plaintiff and the putative collective.

37. Plaintiff's counsel is competent and has experience in overtime matters and FLSA collective actions.

38. The undersigned firms will serve as designated counsel for Plaintiff and the putative collective and will actively conduct and be responsible for the prosecution of this action.

39. The undersigned counsel has or can acquire the financial resources to assure that the putative collective will be adequately represented.

40. It is proper to certify this matter as a collective action because the members of the putative collective are "similarly situated" under 29 U.S.C. § 216(b).

## CLAIM FOR RELIEF

41. Plaintiff asserts on behalf of himself and the putative collective, as defined above, the following basic claim: (1) Defendant classifies Plaintiff and the putative collective as exempt executive employees; (2) the FLSA's executive exemption requires any allegedly exempt employee be paid on a "salary basis"; (3) Defendant's June 1, 2024 compensation policy, and its implementation of that policy, fail the "salary basis" test required for exemption.

42. Defendant has and continues to willfully or recklessly violate the FLSA by not paying Plaintiff and the putative collective overtime compensation for each week in which Plaintiff or the putative collective members have exceeded forty hours of working time since June 1, 2024.

43. At all relevant times, Plaintiff and the putative collective members were paid in substantially the same manner and under substantially the same employment guidelines and practices.

44. Since June 1, 2024, Plaintiff and the putative collective were all subject to the same aforesaid policies and/or practices.

45. Plaintiff and the putative collective have been damaged in the amount of the difference between the overtime compensation that they were actually paid and the amount of overtime compensation that they should have been paid in accordance with the FLSA's overtime provisions.

46. Under 29 U.S.C. § 207(a)(1), Plaintiff and the putative collective were entitled to overtime compensation at a rate of not less than one-and-one-half their regular rate of pay for each hour over forty hours that they worked for Defendant in each week since June 1, 2024.

47. Since June 1, 2024, Defendant failed to comply with 29 U.S.C. § 207(a)(1) in that Plaintiff and the putative collective worked for Defendant more than forty hours a week but no provision was made by Defendant to pay Plaintiff and the putative collective overtime compensation for those hours at the rate required by 29 U.S.C. § 207(a)(1).

48. Defendant willfully or recklessly violated 29 U.S.C. § 207(a)(1).

WHEREFORE, Plaintiff prays for judgment against Defendant sufficient to compensate him and the putative collective for the earned unpaid compensation that Defendant owes him and the putative collective, together with reasonable attorney fees, liquidated damages, the costs of this action, interest thereon as provided by law, along with all other relief to which he may show himself justly entitled.

Respectfully submitted,

BRUCKNER BURCH PLLC

By: /s/ Richard J. (Rex) Burch
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

J. Barton Goplerud (pro hac vice forthcoming)
Brian O. Marty (pro hac vice forthcoming)
SHINDLER ANDERSON GOPLERUD & WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
Email: goplerud@sagwlaw.com
       marty@sagwlaw.com

Harley C. Erbe (pro hac vice forthcoming)
ERBE LAW FIRM
2501 Grand Avenue, First Floor
Des Moines, Iowa 50312
Office: (515) 281-1460
Mobile: (515) 229-0202
Facsimile: (515) 384-0084
E-Mail: harleyerbe@erbelaw.com

ATTORNEYS FOR PLAINTIFF