**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JOSEPH LUMLEY, on behalf of himself and all other similarly situated,<br><br>v.<br><br>PREMIUM VELOCITY AUTO, LLC | **Case No.: 4:25-cv-02524** |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

**1.     State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.**

On October 24, 2025, the parties met by videoconference. Harley Erbe and Rex Burch attended for Plaintiffs, Andrea Cook and Andre Johnson for Defendant.

**2.     List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

None.

**3.     Briefly describe what this case is about.**

This is a case alleging a failure to pay overtime under the Fair Labor Standards Act (FLSA).

**4.     Specify the allegation of federal jurisdiction.**

Federal question jurisdiction pursuant to 29 U.S.C. § 216(b).

**5.     Identify the parties who disagree and the reasons.**

None.

**6.     Identify any issues as to service of process, personal jurisdiction, or venue.**

None.

**7.     List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.**

Plaintiffs anticipate filing a motion for facilitation of judicial notice by January 30, 2026.

**8.     State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

The parties will make their Initial Disclosures by November 14, 2025.

**9.     If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

The parties agree to submit fees to the Court after the other issues are resolved.

**10.    Describe the proposed discovery plan, including:**

> **A.     Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.**
>
> The parties do not anticipate any issues regarding discovery.
>
> **B.     When and to whom the plaintiff anticipates it may send interrogatories and requests for production.**
>
> Plaintiffs will serve interrogatories and requests for production on Defendant within the discovery period. Plaintiffs anticipate sending *Swales* discovery prior to seeking judicial facilitation of notice.
>
> **C.     When and to whom the defendant anticipates it may send interrogatories and requests for production.**
>
> Defendant will serve interrogatories and requests for production on Plaintiff within the discovery period.
>
> **D.     Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**
>
> Plaintiffs anticipate taking the depositions of Karen Milton, Payroll Supervisor, and Premium Velocity's corporate representative. It is likely these depositions can be done by remote means.
>
> **E.     Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

**F.** **Any threshold issues—such as limitations, jurisdiction, or immunity— that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take**.

The parties will complete any *Swales* related discovery by January 30, 2026. At this time, only written discovery is anticipated on this issue.

**G.** **Any experts needed on issues other than attorneys' fees.**

None anticipated at this time.

**H.** **If medical experts are needed, whether they are only treating physicians or also designated on other issues.**

N/A.

**I.** **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.**

No experts are anticipated (other than fees) at this time.

**J.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).**

No experts are anticipated (other than fees) at this time.

**K.** **List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).**

No experts are anticipated (other than fees) at this time.

**L.** **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

Not applicable. Subject matter jurisdiction here is based on federal question and not diversity.

**11.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree.

**12.    Specify the discovery beyond initial disclosures undertaken to date.**

None.

**13.    State the date the planned discovery can reasonably be completed.**

September 30, 2026.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

The parties discussed early mediation and are in the process of selecting a mediator and arranging for production of the information necessary for mediation.

**15.    From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

Mediation.

**16.    Magistrate judges may hold jury and nonjury trials with the consent of all parties. Indicate the parties' joint position on a trial before the Magistrate Judge.**

At this time, the parties prefer a trial before the District Judge.

**17.    State whether a jury demand has been made and if it was made on time.**

Neither party requested a jury.

**18.    Specify the number of hours it will likely take to present the evidence.**

No more than twenty to twenty-five hours (3 trial days).

**19.    List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

None.

**20.    List other pending motions.**

None.

**21.    List issues or matters, including discovery, that should be addressed at the conference.**

None.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiffs filed their disclosure on November 4, 2025.

Defendant will file its disclosure no later than November 11, 2025.

23. **List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties:**

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**

By: _____

Richard J. (Rex) Burch
Texas Bar No. 24001807
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone:    (713) 877-8788
rburch@brucknerburch.com

J. Barton Goplerud
Brian O. Marty (pro hac vice forthcoming)
**Shindler Anderson Goplerud & Weese P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:    (515) 223-4567
Email:    goplerud@sagwlaw.com
marty@sagwlaw.com

Harley C. Erbe (pro hac vice admitted)
**ERBE LAW FIRM**
2501 Grand Avenue, First Floor
Des Moines, Iowa 50312
Office: (515) 281-1460
Mobile: (515) 229-0202
Facsimile: (515) 384-0084
E-Mail: harleyerbe@erbelaw.com

**Attorneys for Plaintiffs**

**AND**

- 5 -

**Stewart Law Group PLLC**

　　**/s/ Andrea Cook**

By: _____

　　Amy M. Stewart
　　State Bar No. 24060660
　　Andrea E. Cook
　　State Bar No. 24085969
　　Andre D. Johnson
　　State Bar No. 24123462
One Arts Plaza
1722 Routh St., Ste. 745
Dallas, Texas 75201
Phone: (469) 607-2300
Fax:　(469) 607-2301
astewart@stewartlawgrp.com
acook@stewartlawgrp.com
ajohnson@stewartlawgrp.com

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

On November 4, 2025November 4, 2025, I served this document on all parties via the Court's ECF system.

**/s/ Rex Burch**

_____

Richard J. (Rex) Burch