IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH LUMLEY, on behalf of himself and all other similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-02524 |
| PREMIUM VELOCITY AUTO, LLC. | § § | |
| Defendant. | § § | |

## JOINT MOTION TO STAY CASE AND TOLL STATUTE OF LIMITATIONS

Plaintiff Joseph Lumley and Defendant Premium Velocity Auto, LLC (collectively the "Parties") move this Court for a stay of all proceedings in this case for a period of sixty (60) days through and including March 23, 2026 in order to allow the Parties to assess Plaintiff's claims, gather relevant classwide pay and time records, and evaluate the possibility of engaging in settlement discussions and attending a potential mediation to resolve this case before expending resources engaging in litigation including Plaintiff's Motion for Class Certification. In support of this Motion, the Parties state as follows:

1. Plaintiff filed his collective action Complaint in this matter on May 30, 2025. Dkt. 1.

2. Defendant filed its Answer and Affirmative Defenses on October 6, 2025. Dkt. 16.

3. On November 18, 2025, this Court entered a Scheduling and Docket Control Order. Dkt. 22.

4. In the Scheduling and Docket Control Order, the Court set a deadline for Plaintiff to move for Class Certification on January 30, 2026. *Id.*

5. Concurrently with the filing of this Motion, Defendant is filing a Motion to Substitute Counsel.

6. On January 21, 2026, Defendant's new counsel attended a teleconference with counsel for Plaintiff wherein the two sides discussed the management of this case. The Parties agree that staying the case to provide Defendant's new counsel with an opportunity to evaluate Plaintiff's claims and gather necessary classwide pay and time records, and to evaluate the possibility of early resolution, would benefit the administration of this case.

7. The Parties agree that such a stay should be entered prior to Plaintiff's deadline to move for class certification on January 30, 2026.

8. In order to provide the Parties with sufficient time to engage in informal discovery and to evaluate the possibility of resolution, the Parties have agreed to toll the statute of limitations under the Fair Labor Standards Act ("FLSA") for Plaintiff's and the Putative Collective Members' claims during the period of the stay.

9. The Parties further agree that at the end of the sixty (60) day stay on March 23, 2026, the Parties will file a status report with the Court advising whether the Parties have agreed to proceed to mediation or whether the Parties wish for the stay and tolling period to end and the litigation continue.

10. If the Parties agree to mediation, the Parties will advise the Court of the mediation date and the selected private mediator.

11. If the Parties agree that litigation should continue, the Parties will submit a revised proposed Scheduling and Docket Control Order for the Court's consideration within 10 days of the expiration of the stay.

12. Allowing a stay of litigation for a periods of sixty (60) days will permit the parties to focus on evaluating the claims and considering a potential early resolution without the time and

cost expenditures, as well as the distraction, of addressing Plaintiff's Motion for Class Certification in the absence of a stay.

13.    The Parties submit that their requested stay serves the interests of justice and judicial economy by giving the Parties time to make all possible efforts to evaluate, and to potentially settle the matter before incurring significant fees and costs in the effort to pursue and defend this matter.

WHEREFORE, the Parties respectfully request the Court Grant their Joint Motion, toll the statute of limitations for the Putative Collective Members, and stay this case and all pending deadlines for a period of 60 days to allow the Parties to evaluate the case and consider a potential early resolution.

Dated: January 23, 2026

Respectfully submitted,

**JACKSON LEWIS P.C.**

By: */s/ Pamela D. Williams*
    Pamela D. Williams
    Texas State Bar No. 00784017
    S.D. Tex. Bar No. 26863
    Pamela.Williams@jacksonlewis.com
    Ashton P. Hoffman
    Texas Bar No. 24116525
    S.D. Tex. Bar No. 3472693
    Ashton.Hoffman@jacksonlewis.com
    717 Texas Avenue, Suite 1700
    Houston, Texas 77002
    Telephone: (713) 650-0404
    Facsimile:  (713) 650-0405

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I certify that on January 21, 2026 and January 22, 2026, Defendant's proposed new counsel conferred telephonically and via text message with counsel for Plaintiff who stated Plaintiff's agreement to the relief requested in this Motion.

*/s/ Ashton P. Hoffman*
Ashton P. Hoffman

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing *Joint Motion to Stay Case and Toll Statute of Limitations* in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division, on January 23, 2026, and therefore it has been served upon all counsel of record in accordance with such e-filing protocols as follows:

Andrea E. Cook
Amy M. Stewart
George Elias Emery
**STEWART LAW GROUP PLLC**
One Arts Plaza
1722 Routh St., Suite 745
Dallas, Texas 75201
Email: acook@stewartlawgrp.com
Email: astewart@stewartlawgrp.com
Email: gemery@stewartlawgrp.com

J. Barton Goplerud
Brian O. Marty
**SHINDLER ANDERSON GOPLERUD & WEESE P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Email: marty@sagwlaw.com

Richard J. Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Ste. 3025
Houston, Texas 77046
Email: rburch@brucknerburch.com

Harley C. Erbe
**ERBE LAW FIRM**
2501 Grand Avenue, First Floor
Des Moines, Iowa 50312
Email: harleyerbe@erbelaw.com

*/s/Pamela D. Williams*
Pamela D. Williams