**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH LUMLEY, on behalf of himself and all other similarly situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-02524 |
| | § | |
| PREMIUM VELOCITY AUTO LLC, | § § | |
| *Defendant*. | § § | |

**DEFENDANT PREMIUM VELOCITY AUTO, LLC'S
AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to this Court's January 23, 2026 Order (Doc. 32), Defendant Premium Velocity Auto, LLC ("Defendant" or "Premium Velocity") files its Amended Answer and Affirmative Defenses to Plaintiff Joseph Lumley's ("Lumley") Complaint, and respectfully shows the Court the following:

**INTRODUCTION**

1.      Defendant acknowledges that Plaintiff pleads this case as a collective action for violations of the FLSA.  Defendant denies that Plaintiff may proceed on behalf of any collective and denies that it violated the FLSA.

2.      Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Defendant lacks sufficient information to affirm or deny what Plaintiff and the putative collective seek. Defendant denies that Plaintiff or any other individuals are entitled to any damages in this matter.

---

## JURISDICTION AND VENUE

4.    Defendant admits this Court has jurisdiction over this matter because it involves a federal question.

5.    Defendant admits venue is proper in this District.

## PARTIES

6.    Upon information and belief, Defendant admits the allegations contained in Paragraph 6.

7.    Defendant admits the allegations in Paragraph 7.

8.    Defendant admits the allegations in Paragraph 8.

9.    Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

## FLSA COVERAGE

10.    Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.    Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.    Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.    Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.    Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

15.    Defendant admits the allegations in Paragraph 15.

16.    Defendant admits the allegations in Paragraph 16.

17.    Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.    Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.    Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.    Defendant admits the allegations in Paragraph 20 as to the compensation policy but lacks sufficient information to confirm the date of the announcement.

21.    Defendant states that the document contained in Exhibit 1 to the Complaint speaks for itself.

22.    Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.    Defendant admits that Plaintiff complained to Defendant's human resources department. The remaining allegations in paragraph 23 are denied.

24.    Defendant states that the document contained in Exhibit 2 to the Complaint speaks for itself.

25.    Defendant states that the document contained in Exhibit 2 to the Complaint speaks for itself.

26.    Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

24.    Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint (misnumbered).

25.     Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint. (misnumbered).

26.     Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint. (misnumbered).

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint. (misnumbered).

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Defendant acknowledges that Plaintiffs brings this case as a putative collective action pursuant to 29 U.S.C. § 216(b).  Defendant denies that Plaintiff is entitled to proceed on behalf of any collective of Defendant's employees.

28.     Defendants lacks sufficient information to affirm or deny what Plaintiff's intentions are. Defendant denies that Plaintiff is entitled to proceed on behalf of any collective of Defendant's employees.

29.     Defendant admits the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.   Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.   Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.   Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.   Defendant admits the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.   Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.   Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.   Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

## CLAIM FOR RELIEF

41.   Defendant acknowledges the basis of Plaintiff's claim on behalf of himself and the "putative collective." Defendant denies that Plaintiff is entitled to proceed on behalf of any collective of Defendant's employees and denies that Defendant's pay practices violate the FLSA.

42.   Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.   Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.   Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.   Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.   Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

47.   Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.   Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff. The factual basis for the following defenses is set forth in more detail in the foregoing responses to the allegations in Plaintiff's Complaint, which are incorporated herein by reference.

## FIRST DEFENSE

Some or all of the allegations in Plaintiff's Complaint fail to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA, are barred to the extent that Plaintiff seeks damage beyond the applicable limitations periods.

### THIRD DEFENSE

Plaintiff's claims for overtime under the FLSA are barred as a matter of law during any workweeks in which Plaintiff or any other putative class member did not work in excess of 40 hours per week.

### FOURTH DEFENSE

Plaintiff's claims under the FLSA are barred by application of the doctrine of payment. Plaintiff and all other persons on whose behalf Plaintiff seeks to assert a claim have been paid all wages due.

### FIFTH DEFENSE

Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA, are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

### SIXTH DEFENSE

A two-year, rather than a three-year, statute of limitations applies to Plaintiff's FLSA claims as Plaintiff cannot satisfy her burden of establishing that Defendant willfully violated the FLSA.

### SEVENTH DEFENSE

Defendant has at all times acted in good faith and had reasonable grounds for believing that any alleged acts or omissions were not a violation of the FLSA (within the meaning of 29 U.S.C. § 260), the Portal-to-Portal Act or any other law. Accordingly, even if Defendant is found to have violated the FLSA, Plaintiff is not entitled to recover liquidated damages.

## EIGHTH DEFENSE

The claims of any putative members of the collective action that signed valid arbitration agreements are not entitled to be included in the collective and are not entitled to receive notice of this case. *See In re JPMorgan Chase & Co.,* 916 F.3d 494 (5th Cir. 2019).

## NINTH DEFENSE

Any Opt-Ins or putative members of the collective action that signed valid arbitration agreements may not proceed in this Court nor can such individuals recover any relief in this Action.

## TENTH DEFENSE

Plaintiff's claims on behalf of himself or any putative member of the collective action are barred to the extent any such individuals are exempt from the FLSA's overtime requirements pursuant to the Highly Compensated Employee exemption set forth in 29 CFR § 541.601.

## ELEVENTH DEFENSE

Plaintiff's claims on behalf of himself or any putative member of the collective action are barred because such individuals are exempt from the FLSA's overtime requirements pursuant to the executive exemption, administrative exemptions, or a combination of those exemptions as set forth in 29 CFR § 541.100, 541.200, 541.708.

## TWELFTH DEFENSE

Plaintiff's claims on behalf of himself or any putative member of the collective action are barred because such employees have been paid on a "salary basis" pursuant to 29 C.F.R. §541.602(a).

## THIRTEENTH DEFENSE

To the extent Plaintiff establishes improper deductions from salary were made, Plaintiff's claims are barred, as set forth in 29 C.F.R. § 541.603, because such deductions are isolated or

inadvertent or because Defendant has a clearly communicated policy prohibiting improper deductions which includes a complaint mechanism, reimburses employees for any improper deductions, and makes a good faith commitment to comply with 29 C.F.R. §541.602.

## FOURTEENTH DEFENSE

To the extent Plaintiff establishes that he or any putative member of the collective action were not paid on a "salary basis," such employees were paid on a daily or shift basis pursuant to 29 C.F.R. § 541.604(b).

## FIFTEENTH DEFENSE

Plaintiff's collective claims cannot be certified as a collective pursuant to 29 U.S.C. § 216(b) because the liability determinations are inherently individualized.  Because any deductions from Plaintiff or any putative member of the collective action were isolated or inadvertent, whether there were any violations of the law are individual to each putative member of the collective and not subject to collective treatment.

Because Plaintiff's Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## PRAYER

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that this Court:

a. Dismiss the Complaint in its entirety with prejudice;

b. Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in the defense of this action; and

c. Grant such other and further relief as the Court may deem just and proper.

Dated: February 6, 2026

Respectfully submitted,

**JACKSON LEWIS P.C.**


By: */s/ Pamela D. Williams*
Pamela D. Williams
Texas State Bar No. 00784017
S.D. Tex. Bar No. 26863
Pamela.Williams@jacksonlewis.com
Ashton P. Hoffman
Texas Bar No. 24116525
S.D. Tex. Bar No. 3472693
Ashton.Hoffman@jacksonlewis.com
717 Texas Avenue, Suite 1700
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile:  (713) 650-0405

Eric R. Magnus (*Pro Hac Vice Pending*)
Georgia State Bar No. 801405
Eric.Magnus@jacksonlewis.com
JACKSON LEWIS P.C.
171 17th St., NW, Suite 1200
Atlanta, Georgia 30338
Telephone: (404) 525-8200
Facsimile:  (404) 525-1173

**ATTORNEYS FOR DEFENDANT PREMIUM VELOCITY AUTO, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I filed the foregoing *Defendant Premium Velocity Auto, LLC's Amended Answer and Affirmative Defenses* in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division, on February 6, 2026, and therefore it has been served upon all counsel of record in accordance with such e-filing protocols as follows:

Richard J. Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Ste. 3025
Houston, Texas 77046
Email: rburch@brucknerburch.com

J. Barton Goplerud
Brian O. Marty
**SHINDLER ANDERSON GOPLERUD & WEESE P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Email: marty@sagwlaw.com

Harley C. Erbe
**ERBE LAW FIRM**
2501 Grand Avenue, First Floor
Des Moines, Iowa 50312
Email: harleyerbe@erbelaw.com

**ATTORNEYS FOR PLAINTIFF**

*/s/Pamela D. Williams*
Pamela D. Williams